209 Wis.2d 160 (1997)
561 N.W.2d 726
WISCONSIN PUBLIC SERVICE CORPORATION, a Wisconsin Corporation, Plaintiff-Appellant,
v.
HERITAGE MUTUAL INSURANCE COMPANY, a Wisconsin Insurance Corporation, Defendant-Respondent-Petitioner.
No. 95-2109.
Supreme Court of Wisconsin.
Submitted on briefs January 28, 1997.
Decided April 22, 1997.
*161 For the defendant-respondent-petitioner there were briefs by Glenn H. Hartley and Schmitt, Hartley & Koppelman, S.C., Merrill.
For the plaintiff-appellant there was a brief by David A. Piehler and Terwilliger, Wakeen, Piehler & Conway, S.C., Wausau.
Amicus curiae brief was filed by Timothy J. Muldowney, Jeffrey J. Kassel and LaFollette & Sinykin, Madison and Richard M. Hagstrom and Zelle & Larson, Minneapolis, MN for the Alliance of American Insurers.
Amicus curiae brief was filed by Richard C. Ninneman, Jeffrey O. Davis, Joan M. Harms and Quarles *162 & Brady, Milwaukee for the Wisconsin Realtors Association, Building Owners and Managers Association and the Wisconsin Association for Environmental Insurance Protection.
Amicus curiae brief was filed by Raymond R. Krueger, Cynthia E. Smith and Michael Best & Friedrich, Milwaukee for the Association of Environmentally Responsible Businesses, Inc., Associated General Contractors of Greater Milwaukee, Inc., Counsel of Small Business Executives, Petroleum Marketers Association of Wisconsin, Wisconsin Fabricare Institute, Inc., Wisconsin Automotive Trade Association and Wisconsin Federation of Cooperatives.
Amicus curiae was filed by Michael D. Flanagan, Thomas C. Ewing, Mary K. Braza, Lisa S. Neubauer and Foley & Lardner, Milwaukee for The Wisconsin Policyholders Association.
Amicus curiae was filed by Robert C. Burrell, Stephen M. Compton and Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee and of counsel Laura A. Foggan, Daniel E. Troy, Leslie A. Platt and Wiley, Rein & Fielding, Washington, D.C., for the Wisconsin Insurance Alliance and National Association of Independent Insurers.
¶ 1. N. PATRICK CROOKS, J.
Heritage Mutual Insurance Company (HMIC) seeks review of a published decision of the court of appeals,[1] which reversed a judgment of the Circuit Court for Lincoln County, J. Michael Nolan, Judge. The circuit court granted summary judgment in favor of HMIC on the grounds that it has no duty to provide coverage for its *163 insured, Helmreich Utility Construction (Helmreich), under the comprehensive general liability (CGL) insurance policy at issue. The circuit court held that no coverage exists because reimbursement for investigation and remediation expenses does not constitute "damages" under the policy, based on City of Edgerton v. General Cas. Co., 184 Wis. 2d 750, 517 N.W.2d 463 (1994). The circuit court also concluded that a pollution exclusion contained in the policy applies. The court of appeals reversed, concluding that HMIC has a duty to defend and indemnify[2] Helmreich because: (1) parties other than the Environmental Protection Agency (EPA) or Department of Natural Resources (DNR) seek recovery from Helmreich for damages it negligently caused through contamination to property that does not fit within the policy's owned-property exclusion; therefore, the suit seeks "damages" under the insurance policy; and (2) the policy's pollution exclusion does not apply in the present case because Helmreich never received a governmental directive or request that it *164 remediate the contaminated property. Wisconsin Public Serv. Corp. v. Heritage Mut. Ins. Co., 200 Wis. 2d 821, 829-836, 548 N.W.2d 544 (Ct. App. 1996). We agree with the court of appeals, and therefore affirm its decision.
¶ 2. The pertinent facts are not in dispute.[3] Sometime prior to October 4, 1990, Wisconsin Public Service (WPS) agreed to install gas service to a building owned by the Tomahawk School District (Tomahawk). Actual installation of the service line was to be done by Helmreich, which was hired as an independent contractor by WPS. Helmreich executed an indemnity agreement in favor of WPS, whereby Helmreich agreed to indemnify WPS against "all actions, claims, demands, damages, losses, costs and expenses which relate to . . .damage to property of any kind where the action claimed damage, loss, cost or expense in any way arising out of, in whole or in part, any act or omission of the contractor." On October 4, 1990, while installing the service line, Helmreich cut an underground pipe that carried fuel oil. By the time the leak was discovered, the surrounding soil had been contaminated.
¶ 3. On October 22, 1990, the State of Wisconsin DNR sent letters to Tomahawk and WPS, ordering them to investigate and remediate the property. WPS has paid all bills without admitting responsibility thereof. On March 17, 1993, WPS commenced a direct action against HMIC, the insurer for Helmreich, based upon a CGL policy it had issued to Helmreich. On January 13, 1995, HMIC filed a motion for summary judgment, claiming that reimbursement for investigation and remediation costs does not constitute *165 "damages" under the policy, and that a pollution exclusion contained in the policy applies.
[1, 2]
¶ 4. In General Cas. Co. v. Hills, 209 Wis. 2d 167, 561 N.W.2d 718 (1997), this court held that where parties other than the EPA or DNR seek recovery from an insurer for damages its insured allegedly inflicted through contamination on property that does not fit within an owned-property exclusion, the suit seeks "damages" under an insurance policy. The present case similarly involves parties other than the EPA or DNR seeking recovery for damages that Helmreich, the insured, negligently caused through contamination of property that does not fit within the owned-property exclusion, because such property was not owned, rented, or occupied by Helmreich. (See R.19 at 22.) Accordingly, our decision in Hills is controlling here. We thus conclude that the action seeks "damages" under the policy, and therefore our decision in Edgerton does not relieve HMIC of its duty to defend and indemnify Helmreich.
[3]
¶ 5. However, this case involves an additional issue that Hills did not. The CGL policy at issue contains a pollution exclusion which provides: "This insurance does not apply to . . . [a]ny loss, cost or expense arising out of any governmental direction or request that you test for, monitor, cleanup, remove, contain, treat, detoxify or neutralize pollutants." We agree with the court of appeals that this exclusion does not apply because the insured, Helmreich, never received a directive or request from the EPA or DNR to remediate the property. See Wisconsin Public Serv. Corp., 200 Wis. 2d at 834-35. Accordingly, we affirm the court of appeals' decision, and remand this case to *166 the circuit court for further proceedings consistent with this decision.
By the Court.The decision of the court of appeals is affirmed and the cause is remanded.
¶ 6. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE (concurring).
I concur for the reasons set forth in my concurring opinion in General Casualty Co. of Wisconsin v. Hills, 209 Wis. 2d 167, 561 N.W.2d 718 (1997), of even date.
NOTES
[1] Wisconsin Public Serv. Corp. v. Heritage Mut. Ins. Co., 200 Wis. 2d 821, 548 N.W.2d 544 (Ct. App. 1996).
[2] In this case, there was a stipulation of facts for purposes of the summary judgment motions filed by HMIC and WPS, whereby the parties acknowledged the execution by Helmreich of an indemnity agreement in favor of WPS. Therefore, the parties essentially conceded that Helmreich is liable to WPS under the indemnification agreement for property damages Helmreich caused through an act or omission in installing the gas service. See Wisconsin Public Serv. Corp., 200 Wis. 2d at 833. This is distinguishable from General Cas. Co. v. Hills, 209 Wis. 2d 167, 561 N.W.2d 718 (1997), in which the parties did not stipulate that Hills was liable to Arrowhead. Accordingly, in Hills, this court only considered the duty to defend issue, because the duty to indemnify issue will not be ripe for adjudication until Hills' liability to Arrowhead is determined. However, in this case, where liability is not at issue, the court of appeals properly considered both the duty to defend and indemnify.
[3] To review a complete summary of the stipulated facts, see Wisconsin Public Serv. Corp, 200 Wis. 2d at 825-28.